IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BARRY LYNN CAMERON                                                          PLAINTIFF

v.                                   Civil No. 2:21-cv-02123

JAIL ADMINISTRATOR NICK McKITTRICK,
Johnson County Detention Center;
CORRECTIONAL OFFICER TOMMY EVANS;
and DR. DARRELL ELKINS, Jail Doctor                                       DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of

28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes III, United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to comply with an order of the Court.

Plaintiff, Barry Lynn Cameron, filed this 42 U.S.C. § 1983 action *pro se* on July 9, 2021.

(ECF No. 1).  Plaintiff's application to proceed *in forma pauperis* was granted that same day.  (ECF

No. 3).  On August 3, 2021, the Court ordered Plaintiff to file an Amended Complaint by August 24,

2021, to clarify his claims.  (ECF No. 6).  The order informed Plaintiff that failure to timely and

properly comply with the order would result in the case being dismissed.  *Id.*   To date, Plaintiff has

not responded, and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from

complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently . .
> . If any communication from the Court to a *pro se* plaintiff is not responded to within
> thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding
> *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil
> Procedure.

1

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint (ECF No. 1) in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 30th day of August 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE